**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: 23ANDME, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3098 |

**RESPONSE OF *SCOTT* PLAINTIFFS IN SUPPORT OF MOTION FOR TRANSFER
AND CONSOLIDATION OF 23ANDME, INC. LITIGATION
PURSUANT TO 28 U.S.C. §1407**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ..........................................................................................1

II. ARGUMENT.......................................................................................................................1

    A. The Related Federal Actions Are Appropriate for Coordination Pursuant to 28 U.S.C. §1407(a) ...............................................................................................1

        1. The Related Federal Actions Involve Multiple Common Questions of Fact ...............................................................................................................2

        2. Coordination of the Related Federal Actions Will Serve the Convenience of the Parties and the Witnesses..............................................2

        3. Coordination Will Promote the Just and Efficient Conduct of the Related Federal Actions..........................................................................3

    B. The Northern District of California Is the Most Logical, Efficient, and Convenient Venue for the Related Federal Actions ................................................5

        1. The Northern District of California Serves the Convenience of the Parties and Witnesses....................................................................................5

        2. Judge Edward M. Chen of the Northern District of California Is Well-Positioned to Efficiently Adjudicate the Related Federal Actions ...............................................................................................................7

III. CONCLUSION....................................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*,
   710 F. Supp. 2d 1378 (J.P.M.L. 2010) ...................................................................................3

*In re Bausch & Lomb Inc. Contact Lens Solution Prods. Liab. Litig.*,
   444 F. Supp. 2d 1336 (J.P.M.L. 2006) ...................................................................................3

*In re: Carrier IQ, Inc., Consumer Priv. Litig.*,
   856 F. Supp. 2d 1332 (U.S. Jud. Pan. Mult. Lit. 2012) ..........................................................7

*In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Pracs. & Prod. Liab. Litig.*,
   273 F. Supp. 3d 1377 (U.S. Jud. Pan. Mult. Lit. 2017) ..........................................................7

*In re Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax*
   *Refund Scheme Litig.*,
   338 F. Supp. 3d 1347 (J.P.M.L. 2018) ...................................................................................7

*In re Dairy Farmers of America, Inc., Cheese Antitrust Litig.*,
   626 F. Supp. 2d 1348 (J.P.M.L. 2009) ...................................................................................3

*In re Dollar General Corp. Motor Oil Mktg. and Sales Practices Litig.*,
   190 F. Supp. 3d 1361 (J.P.M.L. 2016) ...................................................................................7

*In re Enfamil Lipil Mktg. & Sales Practices Litig.*,
   764 F. Supp. 2d 1356 (J.P.M.L. 2011) ...................................................................................4

*In re Facebook, Inc. Consumer Privacy User Profile Litig.*,
   325 F. Supp. 3d 1362 (J.P.M.L. 2018) ...................................................................................4

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
   867 F. Supp. 2d 1356 (J.P.M.L. 2012) ...................................................................................4

*In re H&R Block IRS Form 8863 Litig.*,
   977 F. Supp. 2d 1364 (J.P.M.L. 2013) ...................................................................................6

*In re Home Depot Customer Data Security Breach Litig.*,
   65 F. Supp. 3d 1398 (J.P.M.L. 2014) .....................................................................................6

*In re Kentucky Grilled Chicken Coupon Mktg. & Sales Practices Litig.*,
   659 F. Supp. 2d 1366 (J.P.M.L. 2009) ...................................................................................4

*In re: Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*,
   24 F. Supp. 3d 1361 (J.P.M.L. 2014) .....................................................................................5

*In re LLRice 601 Contamination Litig.*,
  466 F. Supp. 2d 1351 (J.P.M.L. 2006)..................................................................................4

*In re Personalweb Techs., LLC, and Level 3 Commc'ns, LLC, Patent Litig.*,
  340 F. Supp. 3d 1373 (J.P.M.L. 2018)..................................................................................7

*In re RBS Worldpay, Inc., Customer Data Sec. Breach Litig.*,
  626 F. Supp. 2d 1322 (J.P.M.L. 2009)..................................................................................6

*In re the Regents of the Univ. of California*,
  964 F.2d 1128 (Fed. Cir. 1992)..............................................................................................5

*In re Schnuck Markets, Inc., Customer Data Sec. Breach Litig.*,
  978 F. Supp. 2d 1379 (J.P.M.L. 2013)..................................................................................6

*In re Sony Gaming Networks and Customer Data Security Breach Litig.*,
  802 F. Supp. 2d 1370 (J.P.M.L. 2011)...............................................................................5, 6

*In re Target Corp. Customer Data Sec. Breach Litig.*,
  11 F. Supp. 3d 1338 (J.P.M.L. 2014)....................................................................................6

*In re Union Pac. R.R. Co. Empl. Practices Litig.*,
  314 F. Supp. 2d 1383 (J.P.M.L. 2004)..................................................................................4

*In re Vizio, Inc. Consumer Privacy Litig.*,
  176 F. Supp. 3d 1374 (J.P.M.L. 2016)..................................................................................4

*In re Wheat Farmers Antitrust Class Action Litig.*,
  366 F. Supp. 1087 (J.P.M.L. 1973).......................................................................................5

*In re Zappos.com, Inc., Customer Data Security Breach Litig.*,
  867 F. Supp. 2d 1357 (J.P.M.L. 2012)...............................................................................4, 6

**Statutes, Rules, and Regulations**

28 U.S.C.
  §1407..........................................................................................................................1, 2, 3, 4

**Other Authorities**

MANUAL FOR COMPLEX LITIGATION (FOURTH),
  §20.131 (4th ed. 2004) ....................................................................................................2, 35

I.      PRELIMINARY STATEMENT

Pursuant to JPML Rule of Procedure 6.2(e), plaintiffs in *Scott v. 23andMe Holding Co.*, No. 3:23-cv-5980-LB (N.D. Cal.) ("Plaintiffs") respectfully submit this response in support of the motion by 23andMe., Inc., 23andMe Pharmacy Holdings, Inc., and 23andMe Holding Co. (collectively, "23andMe") for consolidation and transfer under 28 U.S.C. §1407 (the "Consolidation Motion," ECF No. 1).  Plaintiffs support the Consolidation Motion and centralization of the actions pursuant to §1407 and agree that consolidation of these actions before the Honorable Edward M. Chen of the Northern District of California is appropriate.

To Plaintiffs' knowledge, there are approximately three-dozen putative class actions pending against 23andMe across three federal district courts (the "Related Federal Actions," ECF Nos. 3 and 13).  The Related Federal Actions have been filed on behalf of overlapping classes of consumers and all arise from 23andMe's failure to implement and maintain reasonable security procedures adequate to protect its customers' personally identifiable information ("PII") and personal genetic and health information ("PGI").  The Northern District of California is an appropriate transferee district because 23andMe is headquartered in the district and it is where the vast majority of the Related Federal Actions are already pending.

Plaintiffs respectfully submit that the statutory prerequisites of §1407(a) have been satisfied.  Plaintiffs respectfully request that the Related Federal Actions should be transferred and centralized before the Honorable Edward M. Chen in the Northern District of California.

II.     ARGUMENT

   A.   **The Related Federal Actions Are Appropriate for Coordination Pursuant to 28 U.S.C. §1407(a)**

The Panel may order transfer and coordination if civil actions pending in different districts "involv[e] one or more common questions of fact" and transfer will further "the convenience of

1

parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a). "The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." MANUAL FOR COMPLEX LITIGATION (FOURTH), §20.131 (4th ed. 2004). The Related Federal Actions join multiple common questions of fact. Allowing certain constituent actions to proceed in different districts would almost guarantee duplication in discovery, wasteful overlap of effort, and present the very real threat of inconsistent rulings. Accordingly, coordination for pretrial proceedings is appropriate.

### 1. The Related Federal Actions Involve Multiple Common Questions of Fact

Coordination is appropriate because the Related Federal Actions are based upon the same allegations about 23andMe's failure to implement and maintain reasonable security procedures sufficient to protect its customers' PII and PGI. While each of the Related Federal Actions involve multiple common questions of fact, the central factual question in each action will be whether 23andMe implemented and maintained data security measures that were adequate to protect its customers' PII and PGI. The Related Federal Actions all assert claims for relief against 23andMe on behalf of overlapping classes stemming from the same allegations of misconduct. Thus, the "common questions of fact" criterion is satisfied pursuant to §1407(a). *See In re Bausch & Lomb Inc. Contact Lens Solution Prods. Liab. Litig.*, 444 F. Supp. 2d 1336, 1338 (J.P.M.L. 2006) (coordinating cases under §1407 that shared factual allegations).

### 2. Coordination of the Related Federal Actions Will Serve the Convenience of the Parties and the Witnesses

Coordination under 28 U.S.C. §1407 is proper when it will "serve the convenience of the parties and witnesses and promote the just and efficient conduct of [the] litigation." *In re Dairy*

*Farmers of America, Inc., Cheese Antitrust Litig.*, 626 F. Supp. 2d 1348 (J.P.M.L. 2009). Coordination is appropriate where, as here, it will "eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort of the parties, the attorneys, the witnesses, and the courts." MANUAL FOR COMPLEX LITIGATION §20.131 at 220.

Here, resolution of common issues in a single forum will further the convenience of all parties and witnesses. *See* 28 U.S.C. §1407(a). Because the Related Federal Actions arise from the same corpus of operative facts, the plaintiffs in these actions will require depositions of the same persons and discovery of the same documents. Maintenance of separate actions across multiple federal district courts would be greatly inconvenient for both parties and witnesses. Transfer and coordination of the Related Federal Actions to a single federal district court will mitigate these problems by enabling a single judge to manage discovery and the parties to coordinate their efforts. This will reduce litigation costs and minimize inconvenience to the parties and witnesses, to the benefit of all litigations, third parties, and the courts. *See In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 710 F. Supp. 2d 1378, 1380 (J.P.M.L. 2010) ("Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary."); *see also In re Enfamil Lipil Mktg. & Sales Practices Litig.*, 764 F. Supp. 2d 1356, 1357 (J.P.M.L. 2011).

### 3. Coordination Will Promote the Just and Efficient Conduct of the Related Federal Actions

Coordination is appropriate where it will promote the just and efficient resolution of related actions. 28 U.S.C. §1407(a). By eliminating the risk of duplicative discovery and the threat of repetitive and inconsistent pretrial rulings, discovery can be more effectively and efficiently managed, while the resources of the parties, attorneys, and the judicial system are conserved. *See*

*In re Union Pac. R.R. Co. Empl. Practices Litig.*, 314 F. Supp. 2d 1383, 1384 (J.P.M.L. 2004). Because of the great overlap in factual allegations among the Related Federal Actions, coordination is necessary to prevent conflicting pretrial rulings on many central issues, which would present substantial problems. *See In re LLRice 601 Contamination Litig.*, 466 F. Supp. 2d 1351, 1352 (J.P.M.L. 2006). Coordination here would have the "salutary effect of placing the actions in this docket before a single judge who can formulate a pretrial program that ensures that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary." *In re Kentucky Grilled Chicken Coupon Mktg. & Sales Practices Litig.*, 659 F. Supp. 2d 1366, 1367 (J.P.M.L. 2009).

Furthermore, this Panel has noted that consumer and data privacy cases are particularly appropriate actions for transfer and coordination pursuant to 28 U.S.C. §1407. *See In re Vizio, Inc. Consumer Privacy Litig.*, 176 F. Supp. 3d 1374 (J.P.M.L. 2016) (transferring 15 actions to the Central District of California); *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, 325 F. Supp. 3d 1362 (J.P.M.L. 2018) (transferring eight actions); *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 867 F. Supp. 2d 1356 (J.P.M.L. 2012) (transferring eight actions); *In re Zappos.com, Inc., Customer Data Security Breach Litig.*, 867 F. Supp. 2d 1357 (J.P.M.L. 2012) (transferring nine actions); and *In re Sony Gaming Networks and Customer Data Security Breach Litig.*, 802 F. Supp. 2d 1370 (J.P.M.L. 2011) (transferring 18 original actions and 43 related actions to forum where defendant was based).

Coordination is appropriate notwithstanding that 23andMe could have engaged in additional efforts to voluntarily transfer the Related Federal Actions prior to filing the Consolidation Motion. The number of actions and counsel involved, as well as the likelihood that

additional tag-along actions will be filed in response to this wide-ranging and well-publicized breach, all weigh in favor of transfer and coordination. *In re: Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 24 F. Supp. 3d 1361, 1362–63 (J.P.M.L. 2014).

### B. The Northern District of California Is the Most Logical, Efficient, and Convenient Venue for the Related Federal Actions

The Northern District of California is an appropriate transferee forum based upon several relevant factors, including: the location of 23andMe; the convenience of the parties; the location of the witnesses and evidence; and the experience, skill, and caseloads of the available judges. *See, e.g.*, *Sony Gaming Networks*, 802 F. Supp. 2d 1370 (transferring actions to the district where one of the defendants was headquartered and noting that the relevant documents and witnesses would likely be located within the district); *In re the Regents of the Univ. of California*, 964 F.2d 1128, 1136 (Fed. Cir. 1992); *In re Wheat Farmers Antitrust Class Action Litig.*, 366 F. Supp. 1087, 1088 (J.P.M.L. 1973); and ANNOTATED MANUAL OF COMPLEX LITIGATION (Fourth) §20.131 at 303-04 (2010).

#### 1. The Northern District of California Serves the Convenience of the Parties and Witnesses

Transfer of the Related Federal Actions to the Northern District of California furthers the convenience of the parties and witnesses because 23andMe is headquartered there, its top officers reside there, and it is the location where discovery related to the handling of its customers' PII and PGI is likely to be found. *See, e.g.*, Consolidation Motion at 13 (confirming that 23andMe's "records, principals and employees" are in the Northern District); *In re Home Depot Customer Data Security Breach Litig.*, 65 F. Supp. 3d 1398, 1400 (J.P.M.L. 2014) (transferring to the judicial district where defendant was headquartered); *In re Target Corp. Customer Data Sec. Breach Litig.*, 11 F. Supp. 3d 1338 (J.P.M.L. 2014) (same); *In re Schnuck Markets, Inc., Customer Data Sec.*

*Breach Litig.*, 978 F. Supp. 2d 1379 (J.P.M.L. 2013) (finding transferee district appropriate where defendant's headquarters sat in that district); *Sony Gaming Networks*, 802 F. Supp. 2d at 1371 (finding transferee district where defendant was based appropriate noting "discovery related to the data breaches, may be located in this district," and its "employees who may have relevant knowledge of the breaches may also be found"); *see also In re H&R Block IRS Form 8863 Litig.*, 977 F. Supp. 2d 1364, 1365 (J.P.M.L. 2013) (same); *Zappos.com*, 867 F. Supp. 2d at 1358 (same); *In re RBS Worldpay, Inc., Customer Data Sec. Breach Litig.*, 626 F. Supp. 2d 1322 (J.P.M.L. 2009) (same).

All parties would have easy access to the Northern District of California through multiple international airports. San Francisco International Airport, Norman Y. Mineta San José International Airport, Oakland International Airport, and other regional airports served more than 65 million passengers in 2022. The San Francisco and Oakland airports are both within 25 miles of the San Francisco Courthouse, and San José's airport is within 50 miles. San Francisco lies at the hub of the West Coast's road and rail networks and has adequate hotel rooms within a short distance of the courthouse.

The vast majority of the Related Federal Actions have already been filed in or transferred to the district. The Panel on numerous occasions has selected a transferee district where the majority of actions were pending at the time of transfer. *See, e.g.*, *In re Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax Refund Scheme Litig.*, 338 F. Supp. 3d 1347, 1349 (J.P.M.L. 2018); *In re Personalweb Techs., LLC, and Level 3 Commc'ns, LLC, Patent Litig.*, 340 F. Supp. 3d 1373, 1375-76 (J.P.M.L. 2018); and *In re Dollar General Corp. Motor Oil Mktg. and Sales Practices Litig.*, 190 F. Supp. 3d 1361, 1363 (J.P.M.L. 2016).

### 2. Judge Edward M. Chen of the Northern District of California Is Well-Positioned to Efficiently Adjudicate the Related Federal Actions

Plaintiffs respectfully request that the Panel coordinate the Related Federal Actions before the Honorable Edward M. Chen of the Northern District of California. The Panel has previously lauded Judge Chen as "a jurist well-versed in the nuances of complex and multidistrict litigation," and Judge Chen can undoubtedly steer the Related Federal Actions on a prudent course. *In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Pracs. & Prod. Liab. Litig.*, 273 F. Supp. 3d 1377, 1379 (U.S. Jud. Pan. Mult. Lit. 2017); *In re: Carrier IQ, Inc., Consumer Priv. Litig.*, 856 F. Supp. 2d 1332, 1333 (U.S. Jud. Pan. Mult. Lit. 2012).

The Northern District of California has the resources and capacity that the coordinated docket will require. Indeed, the Panel's website shows that, given the large number of actively pending cases in the district, there are a relatively modest 17 MDL actions currently assigned to judges in the district.[1] The Northern District of California has sufficient capacity for new multidistrict litigation and will not disproportionately bear the burden of an assignment.

### III. CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Panel grant the Consolidation Motion and transfer the Related Federal Actions to the Honorable Edward M. Chen of the Northern District of California for coordinated pretrial proceedings.

Dated: January 18, 2024                              Respectfully submitted,

                                                                  **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

                                                                   *s/ Carey Alexander*

---

[1] *Pending MDLs*, U.S. Judicial Panel on Multidistrict Litigation, https://www.jpml.uscourts.gov/pending-mdls-0 (last visited Jan. 12, 2024).

7

Carey Alexander
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
calexander@scott-scott.com

*Attorney for Plaintiffs in Scott, et al. v. 23andMe Holding Co., et al.*, No. 3:23-cv-5980-LB (N.D. Cal.)

**CERTIFICATE OF SERVICE**

I, Carey Alexander, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 18, 2024.

*/s/ Carey Alexander*
Carey Alexander